UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Mary C. Young,

Plaintiff,

v.

UnumProvident Corporation, and
Gentiva Health Services, USA, Inc.,

Defendants.

Court File No. 01-CV-2420 DWF/AJB

**STIPULATION AND ORDER TO AMEND DEFENDANT'S ANSWER**

## STIPULATION

Plaintiff and Defendant UnumProvident Corporation, by and through their undersigned counsel, hereby Stipulate to the entry of an Order permitting Defendant UnumProvident Corporation to amend its Answer in the above-entitled matter, a copy of which is attached hereto as Exhibit A.

Dated: April 24, 2002

**KRASS MONROE, P.A.**

C. John Jossart
John Harper III (ID No. 41397)
C. John Jossart (ID No. 295048)
1650 West 82nd Street, Suite 1100
Bloomington, MN 55431
Telephone: (952) 885-5999
Attorneys for Defendant
UnumProvident Corporation

Dated: April 22, 2002

**MANSFIELD, TANICK & COHEN, P.A.**

Denise Y. Tataryn
Denise Yegge Tataryn
1560 International Centre
900 Second Avenue South
Minneapolis, MN 55402-3383
Attorneys for Plaintiff

New address:
1700 Pillsbury Center South
220 South Sixth Street
Minneapolis, MN 55402-1409

APR 25 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

**ORDER**

Based upon the Stipulation of the parties, the Court Administrator is hereby authorized and directed to enter this Order permitting Defendant UnumProvident Corporation to amend its Answer in the form set forth in Exhibit A to the parties' Stipulation.

Dated: Apr. 25, 2002

Judge of Federal District Court

G:\WPDATA\U\UNUMPROVIDENT\62-YOUNG\PLD\STIPULATION AND ORDER TO AMEND DEF'S ANSWER.DOC

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Mary C. Young,

Plaintiff,

v.

UnumProvident Corporation, and
Gentiva Health Services, USA, Inc.,

Defendants.

Court File No. 01-CV-2420 DWF/AJB

**SEPARATE AMENDED ANSWER OF DEFENDANT UNUM PROVIDENT CORPORATION**

---

Defendant UnumProvident Corporation ("UnumProvident"), for its Amended Answer to Plaintiff's Complaint, states and alleges as follows:

1. Except as hereinafter admitted, qualified or otherwise answered, UnumProvident denies each and every matter, thing and allegation in Plaintiff's Complaint.

2. UNUM Provident admits the allegations in Paragraph 1.

3. UNUM Provident admits the allegations in Paragraph 2.

4. UNUM Provident admits the allegations in Paragraph 3.

5. With respect to Paragraph 4, UnumProvident admits that Plaintiff was employed by Gentiva Health Services, USA, Inc. and is a participant in a disability plan sponsored by Gentiva Health Services, USA, Inc.

6. With respect to Paragraph 5, UnumProvident affirmatively alleges that UNUM Life Insurance Company of America administers the plan. UnumProvident admits that it is headquartered in Portland, Maine, and is registered to do business in the State of Minnesota.

7. UnumProvident is without information sufficient to form a belief as to the truth of the allegations in Paragraph 6.

Ex. A

8. UnumProvident denies that Plaintiff suffers from several disabling conditions. UnumProvident is without information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 7.

9. With respect to Paragraph 8, UnumProvident admits and UNUM Life Insurance Company of America was the insurer and administrator of the plan. UnumProvident also admits that it discontinued Plaintiff's disability benefits; that Plaintiff appealed the discontinuation of benefits and that UNUM Life Insurance Company of America ultimately affirmed its discontinuation of benefits.

10. With respect to Paragraph 9, UnumProvident is without information sufficient to form a belief as to the truth of the allegations contained therein.

11. UnumProvident denies the allegations in Paragraph 10.

12. UnumProvident denies the allegations in Paragraph 11.

13. With respect to Paragraph 12, UnumProvident alleges that the plan speaks for itself.

14. UnumProvident admits the allegations in Paragraph 13.

15. With respect to Paragraph 14, UnumProvident restates and realleges its responses to Paragraphs 1 through 13 of Plaintiff's Complaint as if set forth herein.

16. UnumProvident denies the allegations in Paragraph 15.

17. UnumProvident denies the allegations in Paragraph 16.

18. UnumProvident denies the allegations in Paragraph 17.

19. With respect to Paragraph 18, UnumProvident restates and realleges its responses to Paragraphs 1 through 17 of Plaintiff's Complaint as if fully set forth herein.

20. UnumProvident denies the allegations in Paragraph 19.

21. UnumProvident denies the allegations in Paragraph 20.

22. Paragraph 21 contains Plaintiff's recitation of law to which no response is required.

23. UnumProvident denies the allegations in Paragraph 22.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's cause of action against UnumProvident, if any, arises out of the Employee Retirement Income Security Act of 1974 ("ERISA") 29 U.S.C. § 1001 et seq. to the extent Plaintiff seeks remedies or makes claims not provided for under ERISA, those remedies and claims are preempted by ERISA.

3. Plaintiff has failed to satisfy all conditions precedent to entitlement to benefits under the subject policies.

4. UnumProvident and UNUM Life Insurance Company of America have complied with and performed all of its promises, obligations and duties to the Plaintiff under the subject policies and with the terms and conditions of ERISA in the handling of Plaintiff's claim.

5. Each and every act or statement done or made by UnumProvident, and its officers, employees and agents with reference to the Plaintiff was a good faith assertion of UnumProvident's rights and, therefore, was privileged and/or justified.

6. UnumProvident, as a claimed fiduciary under ERISA, discharged its duties "in accordance with the documents and instruments governing the Plan." 29 U.S.C. § 1004(a)(1).

7. Plaintiff's claims against UnumProvident are without merit and UnumProvident, pursuant to 29 U.S.C. § 1132(g)(1) is entitled to an award of reasonable attorney's fees.

8. Plaintiff has failed to exhaust her administrative remedies.

9. Plaintiff's claims are premature and not ripe for adjudication.

10. Plaintiff lacks standing to litigate the claims in her Complaint.

**WHEREFORE**, UnumProvident prays for judgment against Plaintiff as follows:

1. Dismissing Plaintiff's Complaint with prejudice.

2. For its costs, disbursements, and reasonable attorney's fees incurred herein.

3. For such other relief as the Court may deem just and equitable.

Dated: April 17th, 2002

**KRASS MONROE, P.A.**

John Harper III (ID No. 41397)
C. John Jossart (ID No. 295048)
1650 West 82nd Street, Suite 1100
Bloomington, MN 55431
Telephone: (952) 885-5999
Attorneys for Defendant

G:\WPDATA\U\UNUMPROVIDENT\62-YOUNG\PLD\SEPARATE AMENDED ANSWER OF UNUM.DOC