**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Mary C. Young,

Plaintiff,

v.

UnumProvident Corp., and
Gentiva Health Services, USA, Inc.,

Defendants.

Civil No. 01-2420 (DWF/AJB)

**MEMORANDUM OPINION AND ORDER**

---

Denise Y. Tataryn, Esq., Mansfield, Tanick & Cohen, P.A., 1560 International Centre, 900 Second Avenue South, Minneapolis, MN 55402-3383, on behalf of Plaintiff.

John Harper III, Esq., Terrance J. Wagner, Esq., and C. John Jossart, Esq., Krass Monroe, P.A., Suite 1100 Southpoint Office Center, 1650 West 82nd Street, Bloomington, MN 55431, and George R. Wood, Esq., and Jeremy D. Sosna, Esq., Littler Mendelson, P.C., Multifoods Tower, 33 South Sixth Street, Suite 3110, Minneapolis, MN 55402-3716, on behalf of Defendants.

---

## Introduction

The above-entitled matter came on for hearing before the undersigned United States District Judge on August 16, 2002, pursuant to Defendant UnumProvident Corporation's Motion to Dismiss. By its Complaint, Plaintiff alleges violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et. seq*. For the reasons outlined below, the Court denies Defendant's Motion to Dismiss.

## Background

Plaintiff Mary C. Young ("Young") was employed by Gentiva Health Services, USA, Inc. ("Gentiva") from approximately January 1994 to October 9, 1999. During that time, Young

SEP 03 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

was a plan participant in the Short-Term Disability ("STD") and Long-Term Disability ("LTD") plans sponsored by Gentiva and administered through UnumProvident Corporation ("UNUM").

**1. The STD and LTD Plans**

Under the terms of the STD Plan, benefits were payable for a period of up to 25 weeks. The Summary Plan Description for the STD Plan defined the requisite eligibility as follows:

> Short Term Disability Plan benefits begin if your illness or injury continues for more than seven days. . . . STD benefits continue through 25 weeks or until you are no longer disabled, whichever comes first. If your disability continues past 26 weeks, you may be eligible for Long Term Disability (LTD) benefits.

Under the STD plan, "Disability" was defined as "non-occupational sickness or injury that renders you unable to perform the material duties of your occupation and earn at least 80% of your normal earnings." "Injury" was defined as "an accidental bodily injury requiring treatment by a physician." "Illness" was defined as "a sickness or disease, including pregnancy or complications of pregnancy, requiring treatment by a physician."

LTD benefits were payable if a participant was totally disabled for 180 days. The Summary Plan Description for the LTD Plan provided the identical definitions for "Disability," "Injury," and "Illness" as the STD Plan. The LTD Summary Plan Description described the Plan's benefits as follows:

> You're eligible to receive LTD benefits after your STD benefits end. However, LTD benefits are payable only if you have been totally disabled for 180 consecutive days.
>
> The LTD Plan provides income replacement benefits when you become disabled due to an illness or injury.

The LTD Summary Plan Description also provided general information on the LTD application procedure:

> If you are receiving STD benefits during the 180-day waiting period for LTD benefits, Provident will notify you of your right to apply for LTD benefits after your fourth month of disability.
>
> If you have been receiving Workers' Compensation or any other benefit that prevents you from receiving STD benefits, it is your responsibility to call Provident to initiate an LTD claim application. The claim form must include the date of disability and the cause and nature of the disability. You have up to 90 days from the date you become eligible for LTD benefits to contact Provident or else your claim may be denied.
>
> If you do not receive claim forms within 15 days after you request them, you may submit your claim in a letter to Provident. The letter should include the date of disability and the cause and nature of the disability. You must submit completed claim statements, a signed authorization for Provident to obtain information and any other items Provident may require. If you do not provide the documentation within 60 days after Provident mails you their request, your claim may be denied or suspended.

The LTD Policy[1] itself provided more specific details regarding coverage. It stated, in relevant part, as follows:

> **Filing a Claim**
> Claims should be filed on our forms. If Covered Persons do not receive our forms within 15 days after they ask for them, they may submit their claims in a letter to us. The letter should include the Date of Disability and the cause and nature of the Disability.
>
> **Proof of Loss**
> Proof of Loss means written evidence satisfactory to us that Covered Persons are Disabled and entitled to LTD Monthly Benefits. Proof of Loss must be provided at their expense.

---

[1] Young asserts that she never received a copy of the LTD Policy until after she filed this action and, thus, that the LTD Summary Plan Description governs the exhaustion requirements of her LTD benefits. UNUM contends that Young received a copy of the LTD Policy upon the commencement of her employment with Gentiva. UNUM does not dispute that despite Young's numerous requests for another copy of the LTD Policy, it was not provided to Young until after she filed this action. Without deciding the issue of whether the LTD Policy is controlling, the Court finds that Young complied, for all practical purposes, with the exhaustion requirements of the LTD Policy, whether or not she had notice of its specific details.

**Documentation**
At Covered Person's expense, they must submit completed claim statements, a signed authorization for us to obtain information, and any other items we may require in support of their claim. If they do not provide the documentation within 60 days after we mail them our request, their claims may be denied or suspended.

**Review Procedure**
Covered Persons may request in writing review of a denial of their claim within 60 days after they receive notice of denial. When they request a review, they may send us written comments or other items to support their claim. Covered persons may review any nonprivileged information that relates to their request for review.

We will review Covered Persons' claims promptly after we receive their request. We will send them a notice of our decision within 60 days after we receive their request, or within 120 days if special circumstances require an extension. We will state the reasons for our decision and refer them to the relevant parts of this Policy.

**Time Limits on Legal Actions**
No action at law or in equity may be brought until 60 days after Covered Persons have given us Proof of Loss and have exhausted all appeals. Such action may not be brought more than 3 years after the earlier of:

1. the date we receive Proof of Loss; or
2. the end of the period within which Proof of Loss is required to be given.

**2. Plaintiff Young**

Young stopped working in May 1999 when she had a bilateral mastectomy. She applied for and received short-term disability benefits until August 1999, when she returned to work. Due to various conditions including the side effects of Hepatitis C and pain due to her breast cancer and reconstruction, Young once again stopped working on October 9, 1999. At that time, Young applied for and received STD benefits until December 28, 1999, when UNUM terminated her STD benefits. Had the STD benefits not been discontinued, these benefits would have expired on April 14, 2000, under the terms of the STD Plan.

In a letter from UNUM to Young dated October 31, 2000, UNUM notified Young that her appeal for STD benefits was denied, stating, "A comprehensive medical and psychological

assessment fails to evidence significant physical or mental deficits that would preclude a light physical demand occupation. Although your attending physician opines that the totality of impairments precludes your returning to work, our internal review opines otherwise."

By a letter dated January 5, 2001, Young appealed UNUM's decision to terminate her STD benefits. As part of her letter appealing the STD benefit denial, Young simultaneously requested LTD benefits. Young's letter stated, in pertinent part, "This letter also serves as support for Ms. Young's claim for long-term disability benefits, which Ms. Young would be entitled to from April 15, 2000 to the current date, and ongoingly." The letter further requested that "this letter and its attachments [be referred] to the appropriate UNUM Provident representative who would be responsible for processing Ms. Young's long-term disability claim, following your review regarding her short-term disability appeal." In response, in a letter to Young's attorney dated April 2, 2001, UNUM denied Young's appeal of the STD benefits and stated that it refused to review her LTD claim because Young had not submitted a sufficient application for LTD benefit consideration.

Young made several requests for a copy of the LTD Policy during the period between the initial denial of her STD benefits until December 21, 2001, when this lawsuit was filed. Young contends, and UNUM does not dispute, that these requests went unanswered. In response to some of these requests, UNUM suggested that Young's LTD claims were not appropriate until the adverse STD claim was resolved.

Young commenced this action on December 21, 2001, seeking benefits under both the STD and LTD disability plans, alleging that both UNUM and Gentiva failed to meet their obligations under ERISA and under the STD and LTD plans. UNUM brought this motion to dismiss Young's LTD claims, alleging that Young failed to exhaust her administrative remedies

as to the LTD claims prior to commencing this action, and further alleging that these claims were not ripe for adjudication. Because the Court finds that Young sufficiently exhausted her administrative remedies as to the LTD benefits, UNUM's motion to dismiss is denied.

**Discussion**

**1. Standard of Review**

A motion to dismiss for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), may challenge the plaintiff's complaint either on its face or on the factual truthfulness of its averments. *See Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993); *Osborn v. U.S.*, 918 F.2d 724, 729 n.6 (8th Cir. 1990). In a facial challenge to jurisdiction, the court restricts its review to the pleadings and affords the non-moving party the same protections that it would receive under a Rule 12(b)(6) motion to dismiss. *See Osborn*, 918 F.2d at 729 n.6. The court presumes that all of the factual allegations in the complaint concerning jurisdiction are true and will not dismiss the claims unless the plaintiff fails to allege an essential element for subject matter jurisdiction. *See Titus*, 4 F.3d at 593 (citing *Eaton v. Dorchester Dev., Inc.*, 692 F.2d 727, 731-32 (11th Cir. 1982)); *Osborn*, 918 F.2d at 729 n.6.

In a factual challenge to jurisdiction, the court may consider matters outside the pleadings and the non-moving party does not benefit from the safeguards of 12(b)(6). *See Titus*, 4 F.3d 590 at 593; *Osborn*, 918 F.2d at 729 n.6. "In short, no presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Osborn*, 918 F.2d at 730.

UNUM is making a factual challenge to Plaintiff's Complaint. UNUM argues that on the facts of this case, Young has failed to exhaust the administrative remedies of the LTD Plan and

that Young's claims for LTD benefits are thus not ripe for adjudication. Young, in response, contends that she did exhaust her administrative remedies under the LTD Plan and even had she not exhausted these remedies, such exhaustion would have been futile.

**2. Exhaustion**

ERISA does not expressly mandate exhaustion of administrative or plan remedies. *Conley v. Pitney Bowes*, 34 F.3d 714, 716 (8th Cir. 1994). Rather, plan beneficiaries must exhaust their administrative remedies only when exhaustion is clearly required by the particular plan involved. *Burds v. Union Pacific Corp.*, 223 F.3d 814, 817 (8th Cir. 2000).

For all practical purposes, Young did exhaust her administrative remedies as required by the LTD Plan. UNUM has provided no evidence to disprove that Young submitted everything that was needed to process her LTD claim, including the dates, causes, and nature of her disability. UNUM merely contends that Young did not submit the LTD claim form itself. Such formalities were not required by the LTD Plan. The LTD Policy and the Summary Plan Description specifically stated that if a plan participant had requested, and not received, a copy of an LTD claim form, the plan participant could submit her claim via a letter to UNUM. Young submitted such a letter on January 5, 2001. At a minimum, Young's letter put UNUM on notice of her intent to seek LTD benefits, yet UNUM did not provide the official claim forms to Young within the 15-day window. As a result, at most, Young would have been required to resubmit her January 5, 2001, letter to UNUM, a technical redundancy which should not be a bar to Young's claims.

The record also demonstrates that even if Young had not complied with the particular requirements of the LTD Policy to exhaust her claim, such exhaustion would have been futile. ERISA plan beneficiaries are not required to exhaust administrative remedies prior to bringing an

action if they can demonstrate that such exhaustion would be futile. *Burds v. Union Pacific Corp.*, 223 F.3d 814, 817 n.4 (8th Cir. 2000). Here, the STD and LTD plans had identical requirements. Claims for benefits under both plans were reviewed by UNUM. UNUM denied Young's STD claim and her appeals, stating that her medical condition did not warrant benefits under the STD Policy. UNUM has not demonstrated any circumstances under which a plan participant could be denied benefits under an STD plan and still receive benefits under an LTD plan. Thus, the denial of STD benefits clearly leads to a denial of LTD benefits, and any further exhaustion of Young's administrative remedies would have been futile.

**3. Ripeness**

Because the Court finds that Plaintiff exhausted her administrative remedies, the Court determines that Plaintiff's claims under the LTD Plan are ripe for review.

## CONCLUSION

Based on the foregoing, and all of the files, records and proceedings herein, **IT IS ORDERED THAT:**

1. Defendant UnumProvident Corporation's Motion to Dismiss (Doc. No. 12) is **DENIED.**

Dated: September 3, 2002

DONOVAN W. FRANK
Judge of United States District Court